United States District Court
Southern District of Texas
**ENTERED**
December 21, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GABRIEL SALAZAR-CARREON, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:15-107 |
| | § | Criminal No. 1:14-552-1 |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On June 8, 2015, Petitioner Gabriel Salazar-Carreon ("Salazar-Carreon") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1. On August 10, 2016, the United States timely responded to the petition. Dkt. No. 4.

After reviewing the record and the relevant case law, it is recommended that Salazar-Carreon's petition be denied because it is legally and substantively meritless.

**I. Procedural and Factual Background**

On July 29, 2014, a federal grand jury – sitting in Brownsville, Texas, – indicted Salazar-Carreon for illegally re-entering the United States after having been previously deported[1], a violation of 8 U.S.C. §§1326(a) and 1326(b). U.S. v. Salazar-Carreon, Criminal No. 1:14-552-1, Dkt. No. 6 (hereinafter "CR").

    **A. Rearraignment**

On September 23, 2014, Salazar-Carreon appeared before the District Judge and entered a guilty plea – without a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 29.

---

[1] While the indictment alleged that Salazar-Carreon had been convicted of an aggravated felony, that prior felony conviction is a sentencing factor, not an element of the offense under 8 U.S.C. § 1326. U.S. v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007). Accordingly, the inclusion of the allegation of a prior felony was "mere surplusage." U.S. v. Granados, 355 Fed. App'x. 823 (5th Cir. 2009)(unpubl.).

1

**B. Sentencing & Direct Appeal**

In the final presentence report ("PSR"), Salazar-Carreon was assessed a base offense level of eight for illegally re-entering the United States. CR Dkt. No. 17, pp. 4-5. Salazar-Carreon was also assessed a 16-level enhancement, because he had previously been convicted of a "felony drug trafficking offense."[2] Id. Salazar-Carreon received a three-level reduction for acceptance of responsibility. Id, p. 5. Thus, Salazar-Carreon was assessed a total offense level of 21.

Regarding his criminal history, Salazar-Carreon had four adult criminal convictions and was assessed three criminal history points, resulting in a criminal history category of II. CR Dkt. No. 17, pp. 6-7. Based upon Salazar-Carreon's offense level of 21 and criminal history category of II, the presentence report identified a guideline sentencing range of 41 to 51 months of imprisonment. Id., p. 10.

Salazar-Carreon, through counsel, objected to the PSR. CR Dkt. No. 15. As relevant here, Salazar-Carreon sought a downward departure, arguing that the 16-level enhancement resulted "in an unreasonably long sentence." Id. He also requested that the Court "take into account" that the previous drug trafficking conviction "occurred more than six years ago" and that Salazar-Carreon re-entered the country "to be with [his] family." Id.

On January 22, 2015, the District Court held the sentencing hearing. CR Dkt. No. 30. At that hearing, the District Judge "overrule[d] the motion for downward departure as this case is not outside the heartland" intended by the sentencing guidelines. Id, p. 4. The District Court sentenced Salazar-Carreon to 41 months of imprisonment; three years of supervised release; and a $100 special assessment fee, the last of which was ordered remitted. CR Dkt. No. 30, pp. 4-5. The judgment was entered on February 9, 2015. CR Dkt. No. 23.

Neither the District Court docket, nor the Fifth Circuit docket, reflect the filing of a direct appeal. A notice of appeal must be filed within fourteen (14) days from the entry of judgment. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Salazar-Carreon's deadline for filing a notice of direct appeal passed on February 23, 2015. Id.

---

[2] The PSR reflects a 2007 federal conviction for possession with intent to distribute cocaine. Id.

2

### C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On June 8, 2015, Salazar-Carreon timely filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. In his motion, Salazar-Carreon raised four claims: (1) his lawyer was ineffective for advising him not to appeal his sentence; (2) his lawyer promised him that he would receive a sentence of 30 months; (3) the District Judge was "hostile" to his lawyer's proposal for a lesser sentence; (4) his sentence constituted "double jeopardy" because his prior conviction was used to enhance his instant sentence. Dkt. No. 1.

On August 10, 2015, the United States filed a response, in which it asserted that Salazar-Carreon's petition should be denied because it is meritless. Dkt. No. 4.

On August 31, 2015, Salazar-Carreon filed a reply brief. Dkt. No. 5.

## II. Applicable Law

### A. Section 2255

Salazar-Carreon seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he was fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v.

3

Grammas, 376 F.3d 433, 436 (5th Cir. 2004). To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the deficient performance prejudiced the defendant. Id. To prove that counsel's performance was deficient, petitioner must show that "it fell below an objective standard of reasonableness." U.S. v. Juarez, 672 F.3d 381, 385 (5th Cir. 2012). Courts will not "audit decisions that are within the bounds of professional prudence." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

Prejudice is established by proving "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Salazar-Carreon's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying this standard, neither the record – nor the law – support Salazar-Carreon's claim.

#### A. Appellate Advice

Salazar-Carreon asserts that his lawyer was ineffectI've for advising him not to appeal his conviction and sentence. This claim is meritless.

"An attorney's advice [to] not appeal is subject to the same tests as other claims of ineffective assistance of counsel . . .[the petitioner] must show deficient performance and

4

prejudice." U.S. v. Faubion, 19 F.3d 226, 231 (5th Cir. 1994).[3]  Salazar-Carreon has shown neither.

Salazar-Carreon alleges that his lawyer advised him not to appeal his sentence, because he could possibly receive a harsher sentence. Dkt. No. 1. This advice is accurate, for which reason it cannot be deficient. Nunez v. Dir., TDCJ-CID, No. Civ. A. 6:06CV338, 2007 WL 3037123, at *4 (E.D. Tex. Oct. 18, 2007) (unpubl.) (accurate advice does not amount to ineffective assistance). Under certain circumstances, a Court may issue a harsher sentence – upon re-sentencing – than was initially imposed. Texas v. McCullough, 475 U.S. 134 (1986). Salazar-Carreon's lawyer was not deficient for correctly advising Salazar-Carreon of the risks that could accompany a successful appeal.

Even if the Court assumes – solely for purposes of discussion – that counsel's performance was deficient, Salazar-Carreon has not shown that he was prejudiced by counsel's advice. He has not shown that he had viable issues for appeal that would have resulted in a lesser sentence. Faubion, 19 F.3d at 232. Thus, he was not prejudiced by his attorney's advice. Accordingly, this claim should be denied.

**B. Promised Sentence**

Salazar-Carreon asserts that his lawyer promised him that he would receive a sentence of 30 months and that this sentence had been agreed to by the Government and discussed with the District Judge. This claim is belied by the record and is meritless.

At his re-arraignment, Salazar-Carreon was asked if "anyone promised you anything in order to try to get you to plead guilty?" CR Dkt. No. 29, p. 7. He responded, "no sir." Id. Such "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

Furthermore, Salazar-Carreon did not have a written plea agreement with the Government. Given this fact, it is unclear how or when the Government would or could have

---

[3] The Court notes that the instant case is not one where, after being directed by a client to file an appeal, counsel failed to file a timely appeal. In those cases, prejudice is presumed and the remedy is an out-of-time appeal. U.S. v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007).

agreed to a certain sentence or how Salazar-Carreon would have been informed of the agreement. Even if such an agreement existed, the District Judge is not bound by any sentencing agreements between the Defendant and the Government. U.S. v. Shacklett, 921 F.2d 580, 583 n. 3 (5th Cir. 1991).

Accordingly, this claim is meritless; for which reason it should be denied.

### C. Hostility at Sentencing

Salazar-Carreon claims that the District Judge was "hostile" to his lawyer's proposal for a lesser sentence. This claim is baseless.

The crux of Salazar-Carreon's argument is that the District Judge was unwilling to consider Salazar-Carreon's request for a downward departure. At the sentencing hearing, the Court listened to the request, but denied it because it said that the case was "not outside the heartland." CR Dkt. No. 30, p. 4.

As an initial matter, a request for a downward departure is considered a "technical application of the sentencing guidelines." U.S. v. Ramirez, 132 F.3d 1453 (5th Cir. 1997). A technical application of the sentencing guidelines "does not give rise to a matter of constitutional proportions," and is not cognizable under § 2255. Id. Even if this claim is somehow cognizable under § 2255, it is meritless.

The Sentencing Commission intended for sentencing courts "to treat each guideline as carving out a 'heartland,' a set of typical cases embodying the conduct that each guideline describes." U.S. v. Saldana, 427 F.3d 298, 309 (5th Cir. 2005). To be outside of the heartland means to have a case where the underlying facts make the case so unique that the Guidelines fail to accurately recommend a just punishment. Kimbrough v. U.S., 552 U.S. 85, 109 (2007).

The District Judge expressly found that Salazar-Carreon's case was within the heartland. CR Dkt. No. 30, p. 4. Salazar-Carreon has pled no facts to show that his case was outside of the heartland. Thus, even if denial of a motion can somehow equate to hostility to the request, Salazar-Carreon has not established that the District Judge was incorrect in his ruling. This claim should be denied.

**D. Double Jeopardy**

Salazar-Carreon argues that his sentence constituted "double jeopardy" because his prior conviction was used to enhance his sentence. This claim is foreclosed as a matter of law.

The Double Jeopardy Clause is inapplicable to this case. That clause bars a subsequent prosecution, if the prior conduct – that was the subject of prosecution – is used to establish an essential element of the offense. U.S. v. Browner, 937 F.2d 165, 171 (5th Cir. 1991) (emphasis added). Proof of Salazar-Carreon's prior conviction was not used to prove that Salazar-Carreon committed the offense of illegally reentering the United States. That fact was not an element of the offense and did not have to be established for conviction. Pineda-Arrellano, 492 F.3d at 625. Indeed, its inclusion in the indictment was surplusage. Id. Instead, the prior conviction is merely a sentencing factor, which is distinct from the elements of the offense. Almendarez-Torres v. U.S., 523 U.S. 224 (1998). Thus, the Double Jeopardy Clause is inapplicable to Salazar-Carreon's claim and this claim should be denied.

**IV. Recommendation**

WHEREFORE it is **RECOMMENDED** that the Petitioner Gabriel Salazar-Carreon's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED** as meritless.

**A. Certificate of Appealability**

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to

determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Salazar-Carreon's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Salazar-Carreon's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on December 21, 2016.

_____
Ronald G. Morgan
United States Magistrate Judge